UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SHAKILLA ASIF,

                Plaintiff,

    -against-

TARGET STORES,

            Defendant-Petitioner.
----------------------------------------X

Civil Action No.
11-CV-

**NOTICE OF REMOVAL**

Queens County
Index No.: 12320/2011

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

    Defendant, TARGET CORPORATION s/h/a TARGET STORES ("Petitioner"), by its attorneys, SIMMONS JANNACE, LLP, MARVIN N. ROMERO, ESQ., of counsel, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

    1.  On or about May 20, 2011, the above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Queens. A trial has not yet been had therein. A copy of the Summons and Complaint is annexed as **Exhibit "A"**. Petitioner has not yet served an Answer to plaintiff's Complaint.

    2.  The action seeks monetary damages for personal injuries allegedly suffered by plaintiff, SHAKILLA ASIF, while she was inside a Target store. The plaintiff's complaint sounds in negligence.

3. The action involves a controversy between citizens of different states, in that: (a) Plaintiff is a citizen of the State of New York; and (b) Petitioner TARGET CORPORATION is now, and was at the time the action was commenced, a corporation incorporated in the State of Minnesota, with its principal place of business in the State of Minnesota.

4. This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. There is complete diversity between Petitioner and Plaintiff.

5. In addition, the amount in controversy exceeds $75,000.

6. This Notice of Removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Complaint and a confirmation that the amount in controversy exceeds $75,000.

7. Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice.

8. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Queens, promptly after the filing of this Notice.

9. Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings

filed herein.

10. By filing this Notice of Removal, Petitioner does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over Petitioner, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, Petitioner prays that the above-captioned action now pending in the Supreme Court in the State of New York, County of Queens, be removed therefrom to this Court.

Dated:   Syosset, New York
         June 16, 2011

>                                   Yours, etc.
>
>                                   SIMMONS JANNACE, LLP
>                                   Attorneys for Defendant-Petitioner
>                                   TARGET CORPORATION
>                                   s/h/a TARGET STORES
>
>                                   By: _____
>                                       MARVIN N. ROMERO (mr-7555)
>
>                                   **Office & P.O. Address**
>                                   115 Eileen Way, Suite 103
>                                   Syosset, New York 11791-5314
>                                   (516) 802-0630

TO:

SHESTACK & YOUNG, LLP
Attorneys for Plaintiff
SHAKILLA ASIF
**Office & P.O. Address:**
233 Broadway, Suite 2200
New York, New York 10279
(212) 766-1200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Filed: 5/20/11

INDEX NO.: 12320-2011

SHAKILLA ASIF,

              Plaintiff,

Plaintiff designates Queens County as the place of trial.

-against-

**SUMMONS**

TARGET STORES

              Defendant.

The basis of venue is
Plaintiff's residence:
45-85 160th Street
Flushing, New York

**To the above named Defendant:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
       May 18, 2011

SHESTACK & YOUNG, LLP

By: Jamie B. Levy
Attorneys for Plaintiff
233 Broadway, Suite 2200
New York, New York 10279
(212) 766-1200

**UNITED LAWYERS**

TARGET STORES, INC.
c/o CT CORPORATION SYSTEM
111 Eighth Avenue
New York, New York 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

SHAKILLA ASIF,

            Plaintiff,

-against-

TARGET STORES, INC.,

            Defendant.

---

INDEX NO.: 12320/11

**VERIFIED COMPLAINT**

Plaintiff, SHAKILLA ASIF, by her attorneys, SHESTACK & YOUNG, LLP, as and for her Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, SHAKILLA ASIF, at all times herein mentioned was and still is a resident of the County of Queens and the State of New York.

2. The defendant TARGET STORES, INC., (hereinafter referred to as "TARGET"), at all times herein mentioned, was and still is a foreign corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Queens and the State of New York.

3. The defendant TARGET, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

4. The defendant, TARGET, at all times herein mentioned conducted and carried on business in the County of Queens and the State of New York.

5. The defendant, TARGET, at all times herein mentioned was and still is a partnership doing business in the County of Queens and the State of New York.

6. The defendant, TARGET, at all times herein mentioned was and still is a limited

liability partnership doing business in the County of Queens and the State of New York.

7. The defendant, TARGET, at all times herein mentioned was and still is a limited liability corporation doing business in the County of Queens and the State of New York.

8. The defendant, TARGET, at all times herein mentioned was and still is a sole proprietorship doing business in the County of Queens and the State of New York.

9. At all times herein mentioned, defendant TARGET transacted business within the State of New York.

10. At all times herein mentioned, defendant TARGET derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. At all times herein mentioned, defendant TARGET expected or should reasonably have expected its acts to have consequences in the State of New York.

12. At all times herein mentioned, defendant TARGET derived substantial revenue from interstate or international commerce.

13. At all times herein mentioned, SHAKILLA ASIF was lawfully upon defendant's premises.

14. That on or about May 10, 2009, the defendant TARGET was and still is the owner of the retail department store familiarly known as Target and located at 135-05 20th Avenue, College Point, NY 11356.

15. That on or about May 10, 2009, the defendant TARGET was and still is the owners of the property located at 135-05 20th Avenue, College Point, NY 11356.

16. That on or about May 10, 2009, the defendant TARGET was and still one of the owners of the premises situated at 135-05 20th Avenue, College Point, NY 11356.

2

17. That on or about May 10, 2009, the defendant TARGET was a lessee of the retail department store familiarly known as Target and located at 135-05 20th Avenue, College Point, NY 11356.

18. That on or about May 10, 2009, the defendant TARGET was and still is the lessee of the property located at 135-05 20th Avenue, College Point, NY 11356.

19. That on or about May 10, 2009, the defendant TARGET was and still one of the lessee of the premises situated at 135-05 20th Avenue, College Point, NY 11356.

20. That on or about May 10, 2009, the defendant TARGET was and still is in possession of the retail department store familiarly known as Target, located at 135-05 20th Avenue, College Point, NY 11356.

21. That on or about May 10, 2009, the defendant TARGET was and still is in possession of the property located at 135-05 20th Avenue, College Point, NY 11356.

22. That on or about May 10, 2009, the defendant TARGET was and still is in possession of the premises situated at 135-05 20th Avenue, College Point, NY 11356.

23. That on or about May 10, 2009, the defendant TARGET, defendant's servants, agents and/or employees operated the premises known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

24. That on or about May 10, 2009, the defendant TARGET, defendant's servants, agents and/or employees maintained the premises known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

25. That on or about May 10, 2009, the defendant TARGET, defendant's servants, agents and/or employees managed the premises known as Target as a retail department store for the

3

purpose of selling merchandise at retail to the public.

26. That on or about May 10, 2009, the defendant TARGET, defendant's servants, agents and/or employees controlled the premises known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

27. That on or about May 10, 2009, the defendant TARGET, defendant's servants, agents and/or employees supervised the premises known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

28. That on or about May 10, 2009, the defendant TARGET, defendant's servants, agents and/or employees repaired the premises known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

29. That on or about May 10, 2009, the defendant TARGET, defendant's servants, agents and/or employees inspected the premises known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

30. That on or about May 10, 2009, the defendant TARGET, defendant's servants, agents and/or employees constructed the premises known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

31. That on or about May 10, 2009, the defendant TARGET, defendant's servants, agents and/or employees designed the premises known as Target as a retail department store for the purpose of selling merchandise at retail to the public.

32. That on or about May 10, 2009, the defendant TARGET, defendant's servants, agents and/or employees were obligated to maintain said premises known as Target and located at 135-05 20th Avenue, College Point, NY 11356, in a reasonably safe and suitable condition and

4

in good repair.

33. That on or about May 10, 2009, the plaintiff SHAKILLA ASIF was a patron of the retail department store familiarly known as Target and located at 135-05 20th Avenue, College Point, NY 11356.

34. That on or about May 10, 2009, while the plaintiff, SHAKILLA ASIF was a patron of the retail department store familiarly known as Target she was caused to become severely and seriously injured due to the lack of care of the defendants, defendant's agents, servants and/or employees in allowing a piece of sharp metal to protrude from and hang loose from a clothing rack within said retail department store.

35. That on or about May 10, 2009, due to the negligence of the defendant, plaintiff, SHAKILLA ASIF was caused to be seriously and severely injured due to a piece of sharp metal protruding from and hanging loose from a clothing rack which was allowed to remain within said retail department store and, as a result, she sustained severe and serious bodily injury.

36. That said negligence of the defendant, TARGET, defendants, defendant's agents, servants and/or employees, consisted of, but was not limited to failure to maintain and keep the aforesaid retail department store of said premises in a safe and proper condition; creating a dangerous and hazardous condition in above said department store; maintaining and permitting the aforesaid clothing racks thereof to be maintained in a defective, dangerous and hazardous condition; permitting the aforementioned dangerous condition to exist for an unreasonable period of time prior to the occurrence; failure to give proper warning to plaintiff, SHAKILLA ASIF and to those persons in and about said area of said dangerous condition; in that the defendant knew or should have known of the facts hereinbefore referred to in exercising reasonable care and

5/31/2011 12:00:00 AM    000787065F0001    6020110601007488

diligence; failure to take proper precautions to prevent persons lawfully and properly in and about said department store of the defective clothing rack; failure to alleviate the dangerous and hazardous condition although condition had remained there for an extended period of time; failure to observe reasonable care and diligence in the and about said department store of defective clothing rack; maintaining said department store in a careless, dangerous and hazardous manner so as to create a hazardous condition for plaintiff, who was a patron lawfully and properly in and above said department store; failure to properly maintain the clothing racks within said retail department store in a safe and proper condition; defendant TARGET's failure to properly train its agents, servants and/or employees in the proper maintenance, repair and operate of said retail department store and its public areas; and defendant, its agents, servants and/or employees were otherwise negligent.

37. Solely as a result of the defendant's negligence, carelessness and recklessness, SHAKILLA ASIF was caused to suffer severe and serious personal injuries to mind and body, and further, that SHAKILLA ASIF was subjected to great physical pain and mental anguish.

38. By reason of the foregoing, SHAKILLA ASIF was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and SHAKILLA ASIF will be permanently caused to suffer pain, inconvenience and other effects of such injuries; SHAKILLA ASIF incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and SHAKILLA ASIF will be unable to pursue SHAKILLA ASIF's usual duties with the same degree of efficiency as prior to this accident, all to SHAKILLA ASIF's great damage.

5/31/2011 12:00:00 AM                    000787065F0001                    6020110601007488

39. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

40. Due to defendant's negligence, plaintiff is entitled to damages in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demands judgment awarding damages in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       May 18, 2011

**SHESTACK & YOUNG, LLP**

By: Jamie B. Levy
Attorneys for Plaintiff
233 Broadway, Suite 2200
New York, New York 10279
(212) 766-1200

7

5/31/2011 12:00:00 AM                    000787065F0001                    6020110601007488

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

SHAKILLA ASIF,

INDEX NO.: 12320/11

              Plaintiff,

**ATTORNEY'S VERIFICATION**

-against-

TARGET STORES, INC.,

              Defendant.

---

    Jamie B. Levy, an attorney duly admitted to practice law in the Courts of the State of New York, makes the following affirmation under the penalty of perjury:

    I am an associate of the law firm of SHESTACK & YOUNG, LLP, the attorneys of record for the plaintiff.

    I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

    This verification is made by affirmant and not by plaintiff because she is not in the County of New York, which is the County where your affirmant maintains offices.

    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
       May 18, 2011

                                    _____
                                    JAMIE B. LEVY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.: 12320/11

UNITED LAWYERS

---

SHAKILLA ASIF,

            Plaintiff,

  -against-

TARGET STORES, INC.,

            Defendant.

---

**SUMMONS and VERIFIED COMPLAINT**

---

**SHESTACK & YOUNG, LLP**
Attorneys for Plaintiff
233 Broadway, Suite 2200
New York, New York 10279
(212) 766-1200

UNITED LAWYERS